**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| **AMANDA P. PRICE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.** 0:17-2918-JFA |
| | ) |
| **CAROLINA ADVENTURE WORLD, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**COMPLAINT**</u>

Plaintiff, Amanda P. Price ("Price" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Carolina Adventure World, LLC ("CAW" or "Defendant").

<u>**NATURE OF PLAINTIFF'S CLAIMS**</u>

1.   Price brings her FLSA claim pursuant to 29 U.S.C. § 216(b) and she seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2.   Price's FLSA claims result from Defendant's policy and practice of suffering or permitting Price to work off-the-clock and failing to pay her for all overtime hours worked.

## THE PARTIES

3.    Price is an adult individual who is a resident of Lancaster, South Carolina.

4.    Price was employed by CAW from January 18, 2016 until on or about March 22, 2017 at CAW's Winnsboro, SC location.

5.    CAW is a domestic limited liability company registered and in good standing in the State of South Carolina.

## JURISDICTION AND VENUE

6.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7.    This Court has personal jurisdiction because Defendant conducts business in Fairfield County, South Carolina, which is located within this judicial district.

8.    Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Fairfield County, South Carolina.

## COVERAGE ALLEGATIONS

9.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.  At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11.  At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.  At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14.  CAW owns and operates an offroad park for ATVs, UTVs and dirtbikes.

3

15.  At all relevant times, Price was paid on an hourly basis and she was not exempt from the overtime provisions of the FLSA.

16.  Price was paid an hourly rate of pay of $14.00/hr.

17.  Price regularly worked off-the-clock performing uncompensated work for the benefit of CAW.  Ms. Price's off-the-clock work included answering telephone calls on her mobile phone, responding to customer email requests, updating and maintaining CAW social media on the company Facebook page, handling and attending to issues with vendors, and overseeing CAW events such as night rides.

18.  Price worked approximately ten (10) hours per week of overtime without pay during her tenure with CAW.

19.  CAW did not record the time Price spent performing work duties off-the-clock.

20.  Price regularly worked in excess of forty (40) hours per week during her tenure with CAW.

21.  CAW had knowledge that Price regularly worked in excess of forty (40) hours per workweek.

22.  CAW knew or should have known that Price performed work outside of her scheduled work hours.

**(Violation of FLSA – Overtime)**

23.   Plaintiff incorporates by reference paragraphs 1-22 of her Complaint.

24.   Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

25.   Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff.

26.   Defendant's violation of the FLSA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b)     An Order awarding the costs of this action;

c)     An Order awarding reasonable attorneys' fees;

d)     An Order awarding interest at the highest rates allowed by law; and

e)     An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


 /s/ Jacob J. Modla
Jacob J. Modla (Fed ID No: 12639)
Jake Modla Law, PLLC.
454 S. Anderson Rd., Suite 303
Rock Hill, SC 29730
Telephone: 803-328-0898
E-Mail: jm@jakemodlalaw.com